UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN COOK, | ) | Case No.: 1:22 CV 1535 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID BOSS, *et al.*, | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case are the following motions: (1) Defendants City of Lyndhurst, David Boss, Kelly Vasas, Jonathon Romanin, and Justin Blatnick's (collectively, the "Lyndhurst Defendants") Motion for Leave to Exclude Plaintiff's Untimely Expert Designation and Expert Report (ECF No. 23); (2) Plaintiff John Cook's ("Plaintiff" or "Cook") Motion to Extend the Scheduling Order (ECF No. 24); (3) Defendant City of Cleveland's ("Cleveland") Motion to Exclude Plaintiff's Untimely Expert Designation and Expert Report (ECF No. 26); (4) the Lyndhurst Defendants' Motion for Joinder with Cleveland's Motion to Exclude Plaintiff's Untimely Expert Designation and Expert Report (ECF No. 28); (5) Plaintiff's Motion to Compel Production of Documents (ECF No. 31); (6) Cleveland and the Lyndhurst Defendants' Joint Motion to Exclude Plaintiff's Untimely Expert Report (ECF No. 32); and (7) the Lyndhurst Defendants' Motion to Strike Plaintiff's Exhibit to the Brief in Opposition to the Motion for Summary Judgment (ECF No. 52).

For the reasons that follow, the court grants the Lyndhurst Defendants' Motion to Exclude

Plaintiff's Untimely Expert Designation and Report (ECF No. 23), denies Plaintiff's Motion to Extend the Scheduling Order (ECF No. 24), grants Cleveland's Motion to Exclude Plaintiff's Untimely Expert Designation and Report (ECF No. 26), grants the Lyndhurst Defendants' Motion for Joinder with Cleveland's Motion to Exclude Plaintiff's Untimely Expert Designation and Report (ECF No. 28), denies Plaintiff's Motion to Compel (ECF No. 31), grants Defendants' Joint Motion to Exclude (ECF No. 32), and grants the Lyndhurst Defendants' Motion to Strike (ECF No. 52).

## I.  BACKGROUND

On January 31, 2023, the court issued a revised scheduling order in the within case (ECF No. 22). Under the court's revised schedule, Plaintiff's deadline to designate expert witnesses as for liability or damages was March 30, 2023, and Plaintiff's deadline to submit his expert reports was April 15, 2023. (Order, ECF No. 22). Defendants' deadlines to designate expert witnesses was May 15, 2023, and their deadline to produce expert reports was May 30, 2023. The new cut-off date for all discovery was June 30, 2023. (*Id.*)

On May 9, 2023, Plaintiff designated his use of force expert and sent Defendants his Use of Force expert report at the same time. (Ex. A to Lyndhursts' Mot. to Exclude, ECF No. 23-1). On May 15, 2023, the Lyndhurst Defendants filed their Motion to Exclude Plaintiff's Untimely Expert Designation and Expert Report (ECF No. 23). In response, Plaintiff filed his Motion to Extend the Scheduling Order (ECF No. 24) on May 16, 2023 for the purpose of designating and submitting his untimely use of force expert report. In his Motion to Extend, Plaintiff also requested an extension to designate a forthcoming economic damages expert and to file an accompanying report from said expert. (*See* Pl.'s Mot. to Extend at PageID #193–94, ECF No. 24). On May 17, 2023, Cleveland filed a Motion to Exclude Plaintiff's Untimely Expert Designation and Expert Report with respect

2

to Plaintiff's use of force expert, as well as regarding a expert medical evidence Cleveland uncovered. (*See* Cleveland's Mot. to Exclude at PageID #208–09, ECF No. 26). On May 30, 2023, the Lyndhurst Defendants filed a Motion for Joinder with Cleveland's Motion to Exclude Plaintiff's use of force and medical expert report (*See* ECF No. 28). On June 8, 2023, Plaintiff sent Defendants his economic damages expert report. (Ex. 1 to Joint Mot. to Exclude, ECF No. 32-1). In response, Cleveland and the Lyndhurst Defendants filed a Joint Motion to Exclude Plaintiff's economic damages expert report on June 20, 2023. (ECF No. 32).

In the midst of the parties' dispute about Plaintiff's expert reports, Plaintiff also filed a Motion to Compel the Production of Documents (ECF No. 31) pursuant to Federal Rule of Civil Procedure 37 against the Lyndhurst Defendants on June 12, 2023. On June 26, 2023, the Lyndhurst Defendants filed a Brief in Opposition to Plaintiff's Motion to Compel (ECF No. 34). Following this, Plaintiff did not file a reply brief. Lastly, after motions for summary judgment were fully briefed, the Lyndhurst Defendants filed a Motion to Strike Plaintiff's Exhibit to the Brief in Opposition to the Motion for Summary Judgment (ECF No. 52) in order to exclude Plaintiff's use of force expert report.

## II. LAW AND ANALYSIS

### A.   Expert Reports

The Lyndhurst Defendants first moved to exclude Plaintiff's use of force expert report as untimely because Plaintiff failed to designate his expert by the March 30 deadline and failed to submit his report by April 15, 2023. (*See* Mot. to Exclude at PageID #154–55, ECF No. 23). They argue that Plaintiff's failure to comply with the court's deadlines greatly prejudiced Defendants by designating and submitting his use of force report on May 9, 2023, a few days before Defendants'

May 15, 2023 deadline to designate a counter-expert. Thus, they were impaired in their effort to secure a use of force expert of their own and preparing an subsequent report. (*Id.* at PageID #154–55).¹ In response, Plaintiff requests the court to use its discretion under Rule 16(b)(4) to amend its scheduling order for the purpose of admitting his expert report, arguing that Plaintiff made diligent efforts to meet the court's scheduling deadlines. (*See* Mot. to Extend Scheduling Order at PageID #193, ECF No. 24). In support, Plaintiff argues that various discovery issues and difficulties between the parties impaired Plaintiff's ability to find and finalize his use of force expert report, but he does not specify the discovery issues and difficulties to which he refers or why he did not previously seek the assistance of the court (*Id.*). Although Plaintiff contends that the parties' discovery disputes impacted his ability to secure expert witnesses, Plaintiff only served written discovery on one of the named Defendants and failed to demonstrate what additional efforts he made to resolve the alleged discovery disputes with opposing counsel.

Federal Rule of Civil Procedure 16(b)(4) provides that a court may modify its scheduling order only for good cause shown. Here, Plaintiff has failed to do so. First, Plaintiff failed to designate any expert witnesses by the court's March 30 deadline and failed to submit his expert report by the court's April 15 deadline. Instead, Plaintiff designated his use of force expert for the first time when he submitted his report to opposing counsel on May 9, 2023. He did not seek leave of court prior to doing so. Moreover, as indicated by Defendants' subsequent motions, Plaintiff also submitted an untimely economic damages expert report. (*See* Joint Mot. to Exclude, ECF No. 32). According to

---

[1] The Lyndhurst Defendants also argue that Cook's failure to comply with Federal Rule of Civil Procedure 26(a)(2)'s requirement for providing any information regarding his expert's qualifications, publications, previous testimony, compensation, or facts and data used in his report is an alternative basis to exclude Cook's use of force report. (Mot. to Exclude at PageID #154–55, ECF No. 23).

4

Cleveland, Plaintiff also failed to timely designate an expert medical report. (*See* Cleveland's Mot. to Exclude at PageID #209, ECF No. 26); (*see also* Lyndhurst's Mot. for Joinder, ECF No. 28). Plaintiff did not respond to Cleveland's contention regarding his medical expert report.

The court does not find that Plaintiff has established good cause to extend the court's scheduling order to admit his untimely expert reports and denies Plaintiff's Motion to Extend the Scheduling Order. For the same reasons the court denies Plaintiff's Motion to Extend, the court grants Defendants' motions to exclude Plaintiff's expert reports.[2]

**B.      Motion to Compel**

Plaintiff moves for this court to compel the production of documents related to Plaintiff's discovery request served on Defendant David Boss ("Boss"), as well as the documents related to Plaintiff's Notices to Take Depositions *Duces Teum* of Defendants Boss and Kelly Vasas. (*See* Mot. to Compel at PageID #300, ECF No. 31). Plaintiff served Defendant Boss with written discovery requests on January 23, 2023 to which Boss responded on April 5, 2023. (*See* Def.'s Opp. to Mot. to Compel at PageID #394, ECF No. 34). Cook did not serve any written discovery requests on any other defendant. (*Id.*) Plaintiff then sent Notices to Take Depositions *Duces Teum* on May 30, 2023, seven days before the first scheduled depositions of Defendants Boss and Vasas. (*See id.* at PageID #394–95); (*see also* Ex. A to Def.'s Opp. to Motion to Compel, ECF No. 34-1).

On June 5, 2023, Defendants responded to Plaintiff by saying that they had thirty days to respond to Plaintiff's request for the production of documents. (Ex. A to Def.'s Opp. to Motion to Compel, ECF No. 34-1). Plaintiff alleges that counsel for Defendants were notified of Plaintiff's

---

[2]      Because the court grants the motions to exclude Plaintiff's use of force expert report, the court also grants the Lyndhurst Defendants' Motion to Strike (ECF No. 52).

5

intent to take depositions *duces teum* as of May 24, 2023. (Mot. to Compel at PageID #300, ECF No. 31) (citing unattached email marked "Ex. C"). However, Plaintiff did not include in his Motion to Compel the referenced email regarding this alleged May 24 date. (*See generally* Mot. to Compel, ECF No. 32).³ On June 6, 2023, the depositions of Defendants Boss and Vasas took place as scheduled. (*See* Boss Depo., ECF No. 40-4); (*see also* Vasas Depo., ECF No. 40-5). On June 12, 2023, Cook filed the Motion to Compel considered herein.

Under Federal Rule of Civil Procedure 34(b)(2)(A), a party that is served with a request to produce documents must respond within thirty (30) days of being served. Under Federal Rule of Civil Procedure 37(a), a party seeking discovery may move for a court order compelling an answer, designation, production or inspection of documents if a party fails to produce documents requested under Rule 34. However, when moving to compel discovery, a party must certify that it has in good faith conferred or attempted to confer with the person or party failing to produce discovery before seeking court action. *See* Fed. R. Civ. P. 37(a). Factors for the court to consider when deciding a motion to compel are: (1) when the moving party learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the court's ruling; (3) how long the discovery period has lasted; (4) whether the moving party was dilatory in its discovery efforts; and (5) whether the non-moving party was responsive to discovery requests. *Doe v. City of Memphis*, 928 F.3d 481, 491 (6th Cir. 2019) (quoting *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196–97 (6th Cir. 1995)). However, the Sixth Circuit has repeatedly stated that the "main inquiry"

---

³ Plaintiff includes copies of the Notices to Take Depositions *Duces Tecum* he served on Defendants. (*See* ECF No. 31-2). However, the Certificate of Service pages on each notice include no date and only indicate that notice was given sometime in May 2023. (*See*, *e.g.*, Notice to Take Deposition *Duces Tecum* at PageID #328, ECF No. 31-2).

when considering a motion to compel is "whether the moving party was diligent in pursuing discovery." *Id.* (citing *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014); *see also Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). The court finds that Plaintiff was not diligent in pursuing his discovery efforts.

With respect to Plaintiff's request for documents related to Boss's responses to Plaintiff's written discovery request, Plaintiff first became aware of Defendants' objections to certain document requests on April 25, 2023 when Boss responded to Plaintiff's interrogatories. Although Plaintiff in his Motion to Compel states that Boss's answers included "vague and unwarranted objections or denials," Plaintiff submits no evidence indicating that he sought to further resolve the discovery disputes with Defendants. (Mot. to Compel at PageID #300, ECF No. 31). With respect to Plaintiff's request regarding *duces tecum* deposition notices, under Rule 34(b), Defendants were required to produce the documents within thirty (30) days of receiving notice and Defendants indicated that they would produce the documents within the time frame provided by the rule. Therefore, Plaintiff's request for Defendants to produce the *duces tecum* deposition documents was premature. Further, Plaintiff also did not subsequently indicate that his production requests were not provided within the requisite time.

In any event, Plaintiff gave no indication that the responses were required to resolve the motions for summary judgment as he did not file a Rule 56(d) motion to that effect. Accordingly, the court finds that Plaintiff's request for Defendants to produce the documents is not well-taken.

## IV. CONCLUSION

For the foregoing reasons, the court grants the Lyndhurst Defendants' Motion to Exclude Plaintiff's Untimely Expert Designation and Report (ECF No. 23), denies Plaintiff's Motion to

Extend the Scheduling Order (ECF No. 24), grants Cleveland's Motion to Exclude Plaintiff's Untimely Expert Designation and Report (ECF No. 26), grants the Lyndhurst Defendant's Motion for Joinder with Cleveland's Motion to Exclude Plaintiff's Untimely Expert Designation and Report (ECF No. 28), denies Plaintiff's Motion to Compel (ECF No. 31), grants Defendants' Joint Motion to Exclude Plaintiff's Untimely Expert Designation and Report (ECF No. 32), and grants the Lyndhurst Defendants' Motion to Strike (ECF No. 52).

    IT IS SO ORDERED.

                                                /s/ SOLOMON OLIVER, JR.
                                                UNITED STATES DISTRICT JUDGE

March 30, 2024